In their application for rehearing, counsel for defendants direct our attention to an error in the opinion handed down in this case when it was stated that plaintiff had remained in the hospital "the usual length of time after such an operation" following the operation performed on him for correction of a hernia on October 4, 1944. The testimony shows that he was in the hospital from October 4, 1944, to November 6, 1944, a period of four weeks and two days, where as Dr. Rand, the surgeon who performed the operation, states that "most of the time patients from such operations are kept in the hospital for about two weeks." Conceding that a mistake was made in stating the plaintiff stayed in the hospital "the usual length of time" following a hernia operation, that would have no effect on what we held were the ultimate results of the operation. *Page 185 
It is positive however, as shown by Dr. Rand's own testimony, that plaintiff was permitted to leave the hospital on November 6, 1944. Plaintiff and his wife both swear positively that on that day, Dr. Rand told them that the operation was successful and Dr. Rand himself admits that he "may have said" that to them. Several weeks later plaintiff stopped to see the doctor in Alexandria and was examined by him. He says that after the examination Dr. Rand told him he could go back to work. Dr. Rand remembers this visit and the examination and when questioned regarding the statement plaintiff said he had made about his going back to work he says he "does not know about that." Asked if he would deny it he answers: "No. I don't remember." Absolutely then the proof favors the plaintiff on this very important point for if Dr. Rand had had all the apprehension he now says he had about the success of the operation he certainly would not have advised this man to go back to work at that time.
All of this is what prompted the further statement in the opinion that Dr. Rand tried to impress the court that he was not satisfied with the results of the operation and used the expression that "he was disappointed." We merely were quoting the doctor's words and stating our reaction to his testimony as a whole and how anyone could imply from the language used the thought that Dr. Rand was endeavoring to deceive the court, we are unable to conceive. We readily accept counsel's endorsement of the doctor's eminent qualifications as a surgeon and his high moral character as an individual.
We have carefully reconsidered the case and remain convinced of the correctness of the judgment of the lower court which we affirmed in the opinion previously handed down.
Rehearing will be refused.